**Grace S. Wong**
P.O. Box 100
Ramsey, NJ 07446
Phone: (201) 805-8312
E-mail: gracewongnj@yahoo.com
**Petitioning Creditor Pro-se**

CLERK
U.S. DISTRICT COURT
DISTRICT OF NEW JERSEY
RECEIVED

2015 OCT -6  P 5: 05

U.S. BANKRUPTCY COURT
FILED
NEWARK, NJ
15 OCT -7  PM 2:20
BY: JAMES J. WALDRON
DEPUTY CLERK

### IN THE UNITED STATES BANKUPTCY COURT
### FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| In re: | : | CHAPTER 7 |
| DIANE ROBERTS LLC | : | Case No. 13-34259-JKS |
| Debtor | : | **OBJECTION TO ABANDONMENT AND CROSS MOTION TO COMPEL CHAPTER 7 TRUSTEE TO ABANDON THE ESTATE'S INTEREST IN 1620 NORTH BAY, TOMS RIVER, NJ IN FAVOR OF GRACE S. WONG – PETITIONING SECURED CREDITOR** |

The Honorable John K. Sherwood

### OBJECTION TO ABANDONMENT AND CREDITOR'S CROSS MOTION TO COMPEL CHAPTER 7 TRUSTEE TO ABANDON THE ESTATE'S INTEREST IN 1620 NORTH BAY, TOMS RIVER, NJ IN FAVOR OF GRACE S. WONG – PETITIONING SECURED CREDITOR

**TO: THE HONORABLE JOHN K. SHERWOOD**
**UNITED STATES BANKRUPTCY JUDGE**

Grace S. Wong (hereinafter, "**Wong**"), Petitioning Creditor Pro-se hereby files this Motion to

Compel Chapter 7 Trustee (hereinafter, "**Trustee**") to Abandon the Estate's Interest in 1620

North Bay, Toms River, NJ in favor of Wong pursuant to 11 U.S.C. § 554 and 6007 of the

Federal Rules of Bankruptcy Procedures (hereinafter, "Motion") for an order:

a) Compelling the Chapter 7 Trustee to Abandon his Interest in 1620 North Bay, Toms River, NJ

in favor of Grace S. Wong, and;

b) Granting such other relief to Grace S. Wong as this Court deems just and proper.

And in support thereof respectfully submits as follows:

## JURISDICTION

1. The Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334(b). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

2. The Involuntary Petition (Chapter 7) was filed on 11/04/2013. The First Meeting Minutes was filed on 04/05/2014. A Certification of No Objection was filed on 11/14/2014 and the same was withdrawn on 04/23/2014. A Notice of Abandonment was filed in August, 2015. Wong opposes the Notice of Abandonment.

## AUTHORITY FOR THE RELIEF REQUESTED

3. 11 U.S.C. § 554(b) provides in pertinent part that:

*"b. On request of a party in interest and after notice and a hearing, the court may order the trustee to abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate."*

The section permits the abandonment of property that would otherwise consume the estate's resources. In re Pilz Compact Disc, Inc. 229 B.R. 630, 635 (Bankr. E.D. Pa. 1999).

4. In Senate Report No. 95-989 it is stated as under:

*"Under this section the court may authorize the trustee to abandon any property of the estate that is burdensome to the estate or that is of inconsequential value to the estate. Abandonment may be to any party with a possessory in the property abandoned."*

2

The property may be abandoned to Wong, Secured Creditor Petitioner and assignee on the First Mortgage on the Mortgaged Property.

5. The Trustee has failed to provide any relief to Wong, Creditor Petitioner.

## STATEMENT OF FACTS

6. Wong as the Petitioning Creditor Pro se filed the Chapter 7 Involuntary Petition on November 04, 2013.

7. The location of principal assets of the business Debtor is 1620 North Bay, Toms River, NJ (hereinafter, "**Mortgaged Property**").

8. **Mortgage History:**

a)  The Mortgage of Kearny Federal Savings Bank (hereinafter, "**Bank Mortgage**") dated July 24, 2009 on the Mortgaged Property was additional security for a non-purchase loan. The Mortgage dated July 24, 2009 is not a purchase money mortgage. It did not have priority over other liens.

b)  The Bank Mortgage was recorded in the Ocean County Clerk's Office on July 29, 2009, as Instrument No. 2009081668 in Book 14368 of Mortgages for said County at Pages 1482, *et seq.*

c)  There was an extension of the Bank Mortgage to July 24, 2011. The Extension of Mortgage was recorded in the Ocean County Clerk's Office on October 21, 2010, as Instrument No. 2010097018 in Book 14720 of Mortgages for said County at Pages 1665, *et seq.*

d)  Although the Bank claims its Mortgage has been further extended to December 31, 2011, there is no recorded extension to that effect in the Office of the Ocean County Clerk.

3

e) The Bank's un-noticed and unextended mortgage has been now assigned to Frank Grasso.

f) A mortgage was executed on the 1620 North Bay Property dated November 18, 2011 (hereinafter, "**Wong Mortgage**") in favor of Steven L. Wong which secured the principal sum of one-million dollars ($1,000,000.00). **The Wong mortgage was the first mortgage on the property**. The lien was recorded in the Ocean County Clerk's Office on December 28, 2011, as Instrument No. 2011115903 in Book 15066 of Mortgages for said County at Pages 920, et seq.

g) Grace Wong ("Wong") is the assignee of the lien filed by Steven L. Wong. The Assignment of Mortgage was recorded in the Ocean County Clerk's Office on May 24, 2013, as Instrument No. 2013056096 in Book 15538 of Mortgages for said County at Pages 489, et seq.

h) Wong stepped into the shoes of the original mortgagee Steven L. Wong and is the real party in interest. The Wong Mortgage is the first Mortgage.

9. The Minutes of the First Meeting of Creditors, in this matter were filed on 04/05/2014.

10. On November 14, 2014 a Certification of No Objection to the Notice of Abandonment was filed. The same Notice of Abandonment was withdrawn on April 23, 2015.

11. On or about June 12, 2015 Kearny Federal Savings Bank filed a motion for Final Judgment of Foreclosure. There was no abandonment of the property in effect and Kearny did not seek relief or obtain relief from the Bankruptcy Court prior filing its motion in violation of the bankruptcy stay. Shortly after filing its Motion for Final Judgment, Kearny assigned its Mortgage to Frank Grasso.

12. On July 27, 2015 Wong filed her Proof of Claim, with the Bankruptcy Court, as to her Mortgage .

13. A New Notice of Abandonment was filed in August, 2015. Wong opposes the Notice of Abandonment and seeks to have the property abandoned to her as a secured creditor with a possessory interest in the property.

## RELIEF REQUESTED

14. "The duty to close the estate expeditiously is the Trustee's main duty and overriding responsibility." *In re Hutchinson*, 5 F.3d 750, 753 (4th Cir. 1993)(quoted in *In re Wait*, 2010 WL 2667413, at 2 (Bankr. N.D. Iowa).

**WHEREFORE,** Grace S. Wong, Petitioning Creditor respectfully requests the following relief:

a) Compelling the Chapter 7 Trustee to Abandon the Estate's Interest in 1620 North Bay, Toms River, NJ in favor of Grace S. Wong, and;

b) Granting such other relief to Grace S. Wong as this Court deems just and proper.

**ALL OF WHICH IS RESPECTFULLY SUBMITTED.**

Dated:  October 06, 2015.

Grace Wong
P.O. Box 100
Ramsey, NJ 07446
Phone: (201) 805-8312
E-mail: gracewongnj@yahoo.com
**Petitioning Creditor Pro-se**

## DECLARATION OF GRACE S. WONG

I have read 'Motion to Compel Chapter 7 Trustee to Abandon his Interest in 1620 North Bay, Toms River, NJ in favor of Grace S. Wong - Petitioning Creditor', know the contents and verify that the statements are true to the best of my personal knowledge and belief.